Charlotte RANDOLPH, individually And as friend and mother of Kwabene Randolph, and Richard Rupcich, Administrator of the Estate of Kwabene Randolph, Appellants–Respondents,

v.

The METHODIST HOSPITALS, INC., Michael A. Linton, M.D., David D. Chube, M.D., Edgar Dizon, M.D., St. Mary Medical Center, Inc., Appellees–Petitioners.

No. 45A03–0210–CV–371.

Court of Appeals of Indiana.

Aug. 13, 2003.

Glenn J. Tabor, Jeffrey S. Wrage, Blachly, Tabor, Bozik & Hartman, Valparaiso, IN, Attorneys for Appellant.

James L. Hough, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorney for Appellee.

**OPINION**

ROBB, Judge.

Charlotte Randolph ("Mother") and Richard J. Rupcich, administrator of the estate of Kwabene Randolph, appeal from the trial court's preliminary determination of law that their medical malpractice claim was untimely and that Rupcich, as administrator of Kwabene's estate, was not a proper party to the suit. We affirm.

*Issues*

Appellant raises two issues for our review, which we restate as follows: [1]

1. Whether the trial court properly determined that claims brought on behalf of Kwabene by his representatives were barred by application of a two-year statute of limitations; and

2. Whether the trial court properly determined that Mother's derivative claims were time-barred.

*Facts and Procedural History*

Kwabene Randolph was born, depressed and suffering from a severe anoxic brain injury, on October 7, 1991. Both Kwabene and Mother were under the care of Drs. Linton, Chube, and Dizon, The Methodist Hospital, Inc., and St. Mary Medical Care Center, Inc. (collectively referred to as "medical care providers") at the time of Kwabene's birth. His condition did not improve, and he suffered from severe

breathing difficulties and seizures until he died on May 7, 1992.

On September 7, 1997, Richard Rupcich, on behalf of Mother, filed a Petition to Appoint Administrator, for the purposes of collecting damages in a wrongful death suit based on medical malpractice on behalf of Kwabene. On September 26, 1997, Richard Rupcich and Mother, individually and as friend and mother of Kwabene, filed with the Indiana Department of Insurance their proposed medical malpractice complaint against the medical care providers. The proposed complaint alleged that the medical care providers "failed to refer [Mother] to a qualified specialist in a timely manner during Kwabene's delivery, failed to promptly diagnose the signs and symptoms of Kwabene's severe fetal distress, and failed to promptly monitor and deliver [Kwabene], thereby resulting in Kwabene's severe asphyxia, seizures, and ultimately, his premature death ..." Appellants' Brief at 4.

In July 2002, The Methodist Hospital, Inc. filed a Complaint and Motion for Preliminary Determination of Law under the Indiana Medical Malpractice Act, arguing that the proposed complaint was barred by the statute of limitations. In August 2002, Mother and Rupcich filed a memorandum in opposition to the motion for preliminary determination of law, which was followed by a reply in support of the motion filed by the other medical care providers. In September 2002, The Methodist Hospital, Inc. also filed a reply in support of the motion. Later in September, Mother and Rupcich filed a response to the reply filed by the other medical care providers, and a hearing was held on the matter. The trial court determined that since a deceased

---

1. Because both Kwabene's and Mother's claims are time-barred, we need not decide the third issue: whether the trial court properly determined that Kwabene's estate representative was not a proper party to bring a derivative claim.

child cannot bring a claim on his own behalf, the claim is properly brought by a personal representative on the behalf of his estate. The trial court determined that Mother was the proper party to bring an action on behalf of Kwabene, but that her claims were barred by the two-year statute of limitations in the Indiana Medical Malpractice Act. Ind.Code § 34–18–7–1. The trial court ordered all claims to be dismissed as time-barred, and Mother and Rupcich appeal.

### Discussion and Decision

### I. Standard of Review

We begin by noting that the appellants claim the standard of review in this case should be the standard of review applied to summary judgment motions. However, no evidentiary material creating an issue of fact was submitted to the trial court, and the motion to dismiss was granted by the trial court based solely on determinations of law. The only affidavit presented below merely served to establish that The Methodist Hospital, Inc. was a qualified healthcare provider; it did not convert the motion to dismiss into a motion for summary judgment. Therefore, we will employ the standard of review applicable to a trial court's disposition of a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

The standard of review on appeal of a trial court's grant of a motion to dismiss for failure to state a claim is de novo. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer at all to the trial court's decision because deciding a motion to dismiss based on failure to state a claim involves a pure question of law. *Id.* That is, it does not require reference to extrinsic evidence, the drawing of inferences therefrom, nor the weighing of credibility for its disposition. *Bader*

*v. Johnson,* 732 N.E.2d 1212, 1216 (Ind. 2000). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Sims,* 757 N.E.2d at 1024. If a complaint states a set of facts which would not support the relief requested, even if they were true, we will affirm the dismissal. *Id.*

### II. Kwabene's Claims

Appellants argue that Kwabene's claims are not time-barred because they fall under the exception provided for minors to the statute of limitations for medical malpractice. The statute reads:

A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

Ind.Code § 34–18–7–1. The appellants argue that because the malpractice that formed the basis of Kwabene's claims occurred before what would have been his sixth birthday, his representatives have until what would have been his eighth birthday to file suit. The medical care providers, on the other hand, argue, and the trial court determined, that the exception provided to the statute of limitations for medical malpractice actions applies only to living children. We agree with the medical care providers.

Because the issue of whether this narrow exception to the statute of limitations applies to deceased children is a matter of first impression in Indiana, we turn to the decisions of other states for guidance. First, a Pennsylvania statute provides that:

If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter.

42 Pa. Cons.Stat. Ann. § 5533(b)(1)(i). In *Holt v. Lenko*, 791 A.2d 1212 (Pa.Super.Ct.2002), Nicole Holt filed a medical malpractice action after her son was born at twenty-three weeks and died the same day. Her complaint alleged that the doctors were negligent in their treatment of her and her son, which caused her son to suffer injuries and death. Holt filed the complaint almost five years after the death of her son, but she claimed that the minority tolling statute applied to preserve the cause of action until two years after the date on which her son would have turned eighteen. The court rejected this argument, deciding that the statute "contemplates a minor plaintiff who is alive, but whose parent or guardian fails, for some reason, to bring suit on the minor's behalf prior to the minor's eighteenth birthday" and that "nothing in the statutory language ... would indicate that the legislature intended that the minority tolling statute would be available to a deceased minor plaintiff." *Id.* at 1214.

The state of Wisconsin has a medical malpractice statute of limitations even more similar to ours. The Wisconsin statute states:

Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. The action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

Wis. Stat. Ann. 893.56. In *Awve v. Physicians Ins. Co. of Wis., Inc.*, 181 Wis.2d 815, 512 N.W.2d 216 (1994), *review denied,* the parents filed a medical malpractice action almost three and a half years after the death of their seven-month-old son. On a motion for summary judgment, their claim was dismissed as being barred by the statute of limitations. On appeal, the parents argued that their complaint was not time-barred because it fell under the exception provided for minors to the statute of limitations when read in conjunction with another statute providing that a decedent's personal injury claims survive his death. The court looked at the plain language of the statute, attempted to discern legislative intent, and held that the statute "unambiguously applies only to a living minor[.]" *Id.* at 219. The court also suggested that if the legislature had intended to include deceased children under this exception, they would have used a phrase such as "by the time the minor reaches or would have reached" or "ten years after that person's birth[.]" *Id.* at 218.

We find the reasoning of the Pennsylvania and Wisconsin courts to be persuasive and applicable to the case at bar. The narrow exception to the statute of limitations for medical malpractice actions in Indiana applies only to living children and does not apply to extend Kwabene's window for timely filing of a medical malpractice action beyond two years after the occurrence causing the injuries. Therefore, Kwabene's claims are analyzed under the general medical malpractice statute of limitations provision, and expired two

years after the occurrence that caused his injuries and death-his birth on October 7, 1991.

■ This conclusion is compatible with the manner in which we interpret statutes. If the statute is unambiguous, we will apply its plain and clear meaning. *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002). On the other hand, if the statute is susceptible to more than one interpretation, we will look to the legislature's intent and adopt the statutory reading that gives effect to that intent. *Id.* In this case, we agree with the trial court's determination that "[t]he plain language of the exception provision in the statute addresses only actions actually brought by the minor. By its very language, the exception can only apply if the child is alive at the time suit is filed. The plain language places the limitation at the child's eighth birthday." Appellant's Appendix at 5.

■ Even if we had determined that the language of the statute was ambiguous, this interpretation properly gives effect to the intent of the legislature. The Medical Malpractice Act was enacted in response to increasing insurance premiums. *Sue Yee Lee v. Lafayette Home Hosp., Inc.,* 410 N.E.2d 1319, 1323 (Ind.Ct.App.1980). At the time of enactment, some doctors were already unable to afford malpractice insurance, and emergency medical services were in danger of being discontinued. *Id.* The purpose of the act was to provide health care providers with some protection from malpractice claims in order to preserve the availability of medical services for the public health and well-being. *Id.* at 1324. Interpreting the statute of limitations exception for minors to include deceased minors would expand liability for health care providers, and would not be consistent with the goals of the Medical Malpractice Act.

### III.   Mother's Claims

Mother concedes that her claims are derivative of her son's claims, and that her claims expire when her son's claims expire according to the statute of limitations. Since we have determined that Kwabene's claims expired two years after his birth, it follows that Mother's claims also expired at that time.[2]

■ We note that Indiana's Child Wrongful Death Statute allows the parent of a deceased child to recover for the loss of that child's services, love, care and affection, as well as health care, hospitalization, funeral and burial expenses caused by the wrongful act or omission that caused the child's death. Ind.Code § 34–23–2–1; *Estate of Sears ex. rel. Sears v. Griffin,* 771 N.E.2d 1136, 1138 (Ind.2002). Damages may be awarded under this statute any time between the death of the child and the date the child would have reached twenty years of age, the date the child would have reached twenty-three years of age if he was enrolled in an institute of higher learning, or the date of the child's last surviving parent's death; whichever occurs first. *Id.*

2.  We note that it is possible for a mother to have medical malpractice claims independent of the claims of her child where the malpractice occurred during delivery. A mother's claims for injury to herself and for pain and suffering caused by that injury would be independent of any claims her child might have. In this case, Mother did not pursue claims for medical malpractice occurring during the birth of Kwabene that were independent and not derivative from Kwabene's claims. All of Mother's claims derived from Kwabene's injuries and death. If Mother had raised independent claims of malpractice, those claims would have been barred by the two-year statute of limitations provided by the Medical Malpractice Act. In other words, Mother's independent claims for medical malpractice, not associated with Kwabene's injuries or death, expired two years after the alleged malpractice.

The Medical Malpractice Act also allows for recovery of damages for loss of services and expenses related to the malpractice and resulting death. Ind.Code § 34–18–2–22. Our supreme court recently pointed out:

> The Medical Malpractice Act allows a "patient or the representative of a patient" to bring a malpractice claim "for bodily injury or death." Ind.Code § 34–18–8–1 (1998). A "patient" is "an individual who receives or should have received health care . . . and includes a person having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice." Ind.Code § 34–18–2–22. "Derivative" claims "include the claim of a parent or parents, guardian, trustee, child, relatives, attorney, or any other representative of the patient," and include "claims for loss of services, loss of consortium, expenses, and other similar claims." *Id.*

*Goleski v. Fritz,* 768 N.E.2d 889, 891 (Ind. 2002).

We have recently addressed the issue of whether the wrongful death or medical malpractice statute of limitations applies in cases where the wrongful death resulted from medical malpractice. In *Hopster v. Burgeson,* we determined that the two-year statute of limitations found in the medical malpractice act applied to an action for wrongful death based on medical malpractice. 750 N.E.2d 841, 852–53 (Ind. Ct.App.2001) (citing *Frady v. Hedgcock,* 497 N.E.2d 620, 622 (Ind.Ct.App.1986) *trans. denied* ); see also *Yarnell v. Hurley,* 572 N.E.2d 1312, 1314 (Ind.Ct.App.1991) *trans. denied.*

▮ In this case, Mother's claims have their basis in medical malpractice. Therefore, in order to determine whether her claims are time-barred, we must look to the time limitations provided by the Medical Malpractice Act, rather than the Child Wrongful Death Statute. See *Miller v. Terre Haute Reg'l Hosp.,* 603 N.E.2d 861, 864 (Ind.1992) (holding that "an action for death resulting from a health care provider is not exclusively within the ambit of the wrongful death statute. Such an action is properly brought under the Medical Malpractice Act."); *Sue Yee Lee,* 410 N.E.2d at 1324 (stating that "all actions the underlying basis of which is alleged medical malpractice are subject to the [medical malpractice] act.").

▮ Since Mother's claims are derivative of Kwabene's claims, she cannot pursue her claims after his have expired. Under the medical malpractice act, a " 'patient' is only a person who receives or should have received health care, and . . . any derivative claim that might arise from the malpractice committed on the patient is included within that patient's claim." *Indiana Patient's Compensation Fund v. Wolfe,* 735 N.E.2d 1187, 1191 (Ind.Ct.App. 2000) *trans. denied.* Accordingly, Mother's claims are *included within* Kwabene's claims. Her claims expired along with Kwabene's, two years after the occurrence of the alleged malpractice that resulted in his injury and death.

### Conclusion

Because the narrow exception to the statute of limitations for medical malpractice cases applies only to living children, Kwabene's malpractice claims are time-barred. Since Mother's claims are included within Kwabene's action, her claims are also time-barred. The judgment of the trial court is affirmed.

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.