**The ESTATE OF Martha O'NEAL, By Personal Representative, Therese NEWKIRK, Appellant–Plaintiff,**

v.

**BETHLEHEM WOODS NURSING AND REHABILITATION CENTER, LLC, Appellee–Defendant.**

No. 90A05–0705–CV–271.

Court of Appeals of Indiana.

June 10, 2008.

Alan Verplanck, Daniel G. McNamara, Eilbacher Fletcher, LLP, Fort Wayne, IN, Attorneys for Appellant.

Milford M. Miller, Edward L. Murphy, Jr., Michael A. Barranda, Miller Murphy, LLP, Fort Wayne, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

In *Estate of O'Neal v. Bethlehem Woods Nursing and Rehabilitation Ctr., LLC,* 878 N.E.2d 303, 314 (Ind.Ct.App.2007), we held that the Indiana Wrongful Death Act's (the "WDA") two-year, date-of-death statute of limitation controlled over the professional services two-year, occurrence-based statute of limitation. Applying this holding, we concluded the Estate's wrongful death claim was timely because it was filed within two years from the date of death. *See id.* Bethlehem has petitioned for rehearing, contending, among other things and as it did in its initial appeal, that substantial similarities in text and purpose between the professional services statute of limitation and the Indiana Medical Malpractice Act's (the "MMA") two-year, occurrence-based statute of limitation compel a conclusion that the former controls over the WDA's statute of limitation. We grant Bethlehem's petition for the limited purpose of further explaining why we disagree with this contention and affirm our original opinion in its entirety.

We note initially that the text of the professional services statute of limitation is not as broad as Bethlehem claims. Bethlehem argues rhetorically that "[i]f an action brought under the WDA is a new action, does not the express limitation contained in the [professional services statute of limitation] ('An action of any kind may not be brought') control the statute of limitation within the WDA?" Petition for

Reh'g at 8. The quoted portion omits an important limitation to "[a]n action of any kind," namely, that the action be brought in contract or tort. See Ind.Code § 34–11–2–3 ("An action of any kind for damages, *whether brought in contract or tort,* . . . may not be brought, commenced, or maintained, . . . unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of.") (emphasis added). As we explained in our original opinion, wrongful death is a statutory right of action that did not exist at common law, *see Estate of O'Neal,* 878 N.E.2d at 303 n. 3, and therefore cannot be considered an action "brought in contract or tort," Ind.Code § 34–11–2–3, even though the underlying conduct has its origins in a tort action.

Subject to this qualifier, we agree with Bethlehem that there are substantial similarities in text between the professional services statute of limitation and the MMA's statute of limitation. As we explained in our original opinion, the professional services statute of limitation is the predecessor to the MMA's statute of limitation:

[The professional services statute of limitation] began its existence in 1941 with the passage of an act concerning civil malpractice proceedings. Ind.Code § 2–627 (1946). Although this provision of the Indiana Code has been recodified several times since its inception, the language of the statute remains intact. Until the passage of the Medical Malpractice Act in 1975, this statute was used to determine the limitation period for all medical malpractice suits.

*Estate of O'Neal,* 878 N.E.2d at 313 (quoting *Kroger v. Estate of Hinders,* 773 N.E.2d 303, 306 (Ind.Ct.App.2002), *trans. denied* ). We also agree with Bethlehem

that there are some similarities in purpose between the professional services statute of limitation and the MMA's statute of limitation. *See Van Dusen v. Stotts,* 712 N.E.2d 491, 496 (Ind.1999) (explaining that in enacting the MMA, the legislature sought "to maintain sufficient medical treatment and to control malpractice insurance costs by various means, including the encouragement of prompt presentation of claims"); *Estate of O'Neal,* 878 N.E.2d at 314 (explaining that "arguably one of the legislature's goals in enacting the professional services statute of limitation was to allow for prompt litigation of claims against providers of professional services" (citing *Toth v. Lenk,* 164 Ind.App. 618, 620–21, 330 N.E.2d 336, 338 (1975))).

The MMA as a whole, however, constitutes a far more comprehensive means of accomplishing these legislative goals than a mere two-year, occurrence-based statute of limitation does. *See Holmes v. ACandS, Inc.,* 709 N.E.2d 36, 43–44 (Ind. Ct.App.1999) (describing some of the MMA's procedural requirements), *aff'd on reh'g,* 711 N.E.2d 1289, *trans. denied.* We therefore disagree with Bethlehem to the extent it argues that similarities of text and purpose compel a conclusion that, just as the MMA's statute of limitation controls over the WDA's statute of limitation, *see Ellenwine v. Fairley,* 846 N.E.2d 657, 665–66 (Ind.2006), the professional services statute of limitation also controls over the WDA's statute of limitation. Words alone do not compel a similar result when the means of accomplishing the legislative purpose differ. In this respect, we construe *Ellenwine* and *Holmes,* both discussed in our original opinion, as standing for the proposition that for a particular statute of limitation to control over the WDA's statute of limitation, the former must be sufficiently comprehensive such that a reviewing court may reasonably infer the legislature intended it to control

over the latter. Because the professional services statute of limitation is not sufficiently comprehensive, it follows that it does not control over the WDA's statute of limitation.

We grant Petitioners' petition for rehearing for the limited purpose of clarifying the issues discussed above and affirm our original opinion in its entirety.

KIRSCH, J., and BARNES, J., concur.