ATTORNEYS FOR APPELLANT
Alan VerPlanck
Daniel G. McNamara
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Milford M. Miller
Edward L. Murphy, Jr.
Michael A. Barranda
Fort Wayne, Indiana



FILED
Dec 24 2008, 12:46 pm

CLERK
of the supreme court,
court of appeals and
tax court

### In the
## Indiana Supreme Court

No. 90S05-0812-CV-768

THERESE NEWKIRK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARTHA O'NEAL, DECEASED,

*Appellant (Plaintiff below),*

v.

BETHLEHEM WOODS NURSING AND
REHABILITATION CENTER, LLC,

*Appellee (Defendant below).*

Appeal from the Wells Circuit Court, No. 90C01-0409-PL-0008
The Honorable David L. Hanselman, Sr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 90A05-0705-CV-271

**December 24, 2008**

**Sullivan, Justice.**

This is one of two cases we decide today involving the interaction of the statute of limitations provision of the Indiana Wrongful Death Act ("WDA") and the statute of limitations provision for an underlying substantive tort claim. In this case, the limitations period for the underly-

ing tort claim had expired before the lawsuit was filed, but the limitations period under the WDA had not. In <u>Technisand, Inc. v. Estate of Melton ex rel. Melton</u>, the other case we decide today, the sequence was reversed: the limitations period under the WDA had expired before the lawsuit was filed, but the limitations period for the underlying tort claim had not. --- N.E.2d ---, No. 30S01-0801-CV-28, slip op. (Ind. Dec. 24, 2008). Our decision in <u>Ellenwine v. Fairley</u>, 846 N.E.2d 657 (Ind. 2006), provides the answer in both cases, as explained below with respect to this case and in our separate opinion with respect to <u>Melton</u>.

### Background

On September 10, 2001, Martha O'Neal was admitted to Bethlehem Woods Nursing and Rehabilitation Center ("Bethlehem") for rehabilitation following surgery. During her stay at Bethlehem, O'Neal was the victim of several acts of medical malpractice. On September 22, 2001, a Bethlehem employee discovered O'Neal lying in a pool of her own blood. She was transferred to the hospital. O'Neal died on November 6, 2001.

On October 22, 2003, more than two years after the medical negligence occurred, but within two years of O'Neal's death, the Estate of Martha O'Neal ("Estate") filed a complaint under the WDA, Ind. Code § 34-23-1-2, against Bethlehem alleging that Bethlehem provided negligent medical care to O'Neal that ultimately led to her death. Bethlehem moved for summary judgment, arguing that the Estate's action was barred by the requirement to bring an action for medical malpractice within two years of the alleged act or omission. The trial court agreed and granted Bethlehem's motion.

The Court of Appeals reversed. It held (as had the trial court) that the Estate's claim arose under the Indiana Professional Services Statute ("PSS"), I.C. § 34-11-2-3, not the Indiana Medical Malpractice Act ("MMA"), I.C. § 34-18-7-1(b), because Bethlehem was not a "qualified provider" under the MMA and, therefore, not eligible for its protections. But the Court of Appeals went on to hold that because the Estate's lawsuit had been filed within the limitations period of the WDA, its claim was timely filed. <u>Estate of O'Neal ex rel. Newkirk v. Bethlehem Woods Nursing and Rehab. Ctr. LLC</u>, 878 N.E.2d 303 (Ind. Ct. App. 2007), <u>aff'd on reh'g</u>, 887

N.E.2d 1019.  We grant Bethlehem's petition for transfer.  Ind. Appellate Rule 58(A).

## Discussion

Ellenwine presented a question involving the interaction of Indiana's Child Wrongful Death Act ("CWDA"), I.C. § 34-23-2-1, and the special limitations period of the MMA applicable to young children.  In the course of resolving that question, it was necessary for us not only to discuss the CWDA and the MMA child limitations periods, but also the WDA limitations period, the MMA adult limitations period, and the tort of medical malpractice generally.  In doing so, we discussed several scenarios, one of which resolves the issue presented in this case.  See Ellenwine, 846 N.E.2d 657 (Ind. 2006).

In Ellenwine, the child victim's personal representative filed a wrongful death claim based on the defendant's medical malpractice within the limitations period under the CWDA.  Id. at 659.  The issue in the case was whether the claim also had to have been filed within two years of the alleged malpractice.  See id.  To help resolve this issue, we examined the situation of an adult who dies as a result of medical malpractice.  Id. at 664-65.  We said:

> If the death was caused by the malpractice, (a) the malpractice claim (whether brought by the patient or another as the representative of the patient) terminates at the patient's death, Ind. Code § 34-9-3-1(a)(6) (2004); and (b) a wrongful death claim must be filed within two years of the occurrence of the malpractice, see Frady [v. Hedgcock, 497 N.E.2d 620, 622 (Ind. Ct. App. 1986), trans. denied].

Ellenwine, 846 N.E.2d at 665.

This quotation precisely describes this case:  O'Neal's death was caused by medical malpractice; the malpractice claim terminated at her death; and the wrongful death claim was required to be filed by her personal representative within two years of the occurrence of the malpractice.

The Ellenwine case spent some time explaining the policy behind its conclusion.  We said in part:

3

One of the principal legislative purposes behind the MMA in general and the two-year occurrence-based statute of limitations in particular was to foster prompt litigation of medical malpractice claims. Because a patient who has been the victim of medical negligence could well live many more than two years beyond the occurrence of the malpractice only to ultimately die as a result of it, applying the two-years-after-death limitations period of the wrongful death statute where a patient dies from the malpractice seems to us totally inconsistent with this legislative goal. Furthermore, just as a fair reading of the MMA indicates that the medical review panel requirements of the MMA must be complied with in order to bring a wrongful death claim based on medical malpractice, so too for the limitations provision. Finally, to the extent that there is any question about our reading of the legislative intent, we believe that a sufficient period of time has passed since Frady was decided that there has been legislative acquiescence.

Id. at 664.

This policy discussion in Ellenwine speaks repeatedly of the MMA. The MMA, which is applicable to acts of malpractice occurring after June 30, 1975, set up a system under which health care providers meeting qualifications set forth in the act enjoy certain benefits. In re Stephens, 867 N.E.2d 148, 150 (Ind. 2007). We noted above that both the trial court and the Court of Appeals concluded – and we agree – that the malpractice claim in this case is not subject to the provisions of the MMA because Bethlehem does not meet the applicable qualifications. Rather, the trial court and the Court of Appeals concluded – and we again agree – that the malpractice claim in this case is subject to provisions of the PSS.[1]

The Court of Appeals found the fact that this case is governed by the PSS and not the MMA to be a sufficient distinction from Ellenwine to enable it to conclude that Ellenwine did not apply. It looked at the policy justifications set forth above and found them grounded in the "comprehensiveness" of the procedural requirements of the MMA. Estate of O'Neal ex rel.

---

[1] The PSS provides in relevant part:

An action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained, in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of.

I.C. § 34-11-2-3.

4

Newkirk, 878 N.E.2d at 314 (quoting Holmes v. ACand S, Inc., 709 N.E.2d 36, 44 (Ind. Ct. App. 1999), aff'd on reh'g, 711 N.E.2d 1289, trans. denied). That is, the Court of Appeals concluded, the limitations period of the WDA will apply unless the Legislature has imbued the underlying substantive tort claim with comprehensive procedural requirements. Where the MMA governs, the Court of Appeals says, the limitations period of the MMA will apply because the MMA is "comprehensive." See Estate of O'Neal ex rel. Newkirk, 878 N.E.2d at 314. Here, where the PSS governs, it says that the limitations period of the PSS does not apply because the PSS is not "comprehensive." See id.

Unlike our colleagues, we do not find the "comprehensiveness" of the procedural requirements that the Legislature attaches to an underlying substantive tort claim relevant to deciding the issue at hand. In Ellenwine, we:

> emphasize[d] . . . that the substantive claim or cause of action at stake . . . [was] the common law claim of negligence by a health care provider proximately causing personal injury or death[,] . . . usually refer[red] to . . . as "medical malpractice" or just "malpractice." The MMA did not create or establish the medical malpractice claim; it only imposed procedural requirements on the prosecution of them. Chamberlain v. Walpole, 822 N.E.2d 959, 961 (Ind. 2005).

846 N.E.2d at 660. In this case, the substantive tort claim underlying the wrongful death action is precisely the same as it was in the Ellenwine scenario: medical malpractice. The PSS did not create or establish the medical malpractice claim but the Legislature did establish a two-year limitations period for filing such claims. As we said in Ellenwine:

> Because a patient who has been the victim of medical negligence could well live many more than two years beyond the occurrence of the malpractice only to ultimately die as a result of it, applying the two-years-after-death limitations period of the wrongful death statute where a patient dies from the malpractice seems to us totally inconsistent with this legislative goal.

846 N.E.2d at 664. We see no basis, including the lack of "comprehensiveness" of the PSS, for concluding that the legislative goal would be anything different on these facts.

The Estate filed its complaint on October 22, 2003, more than two years after the last date

5

upon which Bethlehem's alleged negligent conduct could have occurred, but less than two years from O'Neal's death. As discussed above, if death is caused by the malpractice, the malpractice claim terminates at the patient's death, and a wrongful death claim must be filed by the personal representative within two years of the occurrence of the malpractice. Id. at 665. O'Neal's death was alleged to have been caused by Bethlehem's medical malpractice. As such, the wrongful death claim was required to have been filed by her personal representative within two years of the occurrence of the malpractice. The Estate did not do so and the trial court properly concluded that its claim was not timely filed.

**Conclusion**

We grant transfer, thereby vacating the decision of the Court of Appeals, App. R. 58(A), and affirm the judgment of the trial court with respect to its decision to grant summary judgment in favor of Bethlehem.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.