ATTORNEYS FOR APPELLANT
Raymond L. Faust
Cynthia E. Lasher
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Michael J. Sobieray
Carmel, Indiana

In the

## Indiana Supreme Court



FILED

Dec 24 2008, 1:26 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 30S01-0801-CV-28

TECHNISAND, INC.,

*Appellant (Defendant below)*,

v.

JESSIE MELTON, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF PATTY MELTON, DECEASED,

*Appellee (Plaintiff below)*.

Appeal from the Hancock Circuit Court, No. 30C01-0310-CT-687
The Honorable Richard D. Culver, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 30A01-0608-CV-334

**December 24, 2008**

**Sullivan, Justice.**

This is the second of two cases we decide today involving the interaction of the statute of limitations provision of Indiana's Wrongful Death Act ("WDA"), and the statute of limitations provision for an underlying substantive tort claim. Here, the limitations period under the WDA expired before the lawsuit was filed, but the limitations period for the underlying products liability claim had not. Our decision in Ellenwine v. Fairley dictates that the claim was not timely filed. 846 N.E.2d 657, 666 (Ind. 2006).

## Background

Both parties agree on the basic facts of the case. Patty Melton ("Patty") was diagnosed with chronic myeloid leukemia in December, 2001. Until December, 2001, she worked for Keihin IPT Manufacturing, Inc. ("KIPT"), as an assembler and inspector. Patty died from leukemia on July 25, 2002. Her husband, Jessie Melton ("Jessie"), is the personal representative of her estate.

In July, 2003, KIPT provided Jessie's counsel with a letter from KIPT and a Material Safety Data Sheet for resin-coated sand made by Technisand. The letter stated that Patty might have been exposed to the resin-coated sand during her work at KIPT. The data sheet said that the use of the resin-coated sand could create formaldehyde fumes, and that formaldehyde was a carcinogen. Jessie filed this lawsuit against KIPT and another company in October, 2003, and added other companies in April, 2004. Technisand had not been sued at this point.

On November 29, 2004, Patty's doctor, Dr. James K. Hwang, wrote to Jessie and disclosed that formaldehyde exposure "may have placed [Patty] at a greater risk for leukemia." (App. 66.) Jessie's counsel received this letter on January 12, 2005. On February 16, 2005, the trial court granted Jessie leave to add Technisand as a defendant.

Technisand raised a statute of limitations defense to Jessie's amended complaint in its answer and later filed for summary judgment. Technisand argued that the WDA required Jessie's claim to be brought within two years of Patty's death. The trial court denied the motion for summary judgment and certified its order for interlocutory appeal.

The Court of Appeals affirmed, holding that the Indiana Products Liability Act ("PLA"), Ind. Code § 34-20-3-1(b)(1) (2004), not the WDA, provided the relevant limitations period for Jessie to file a claim against Technisand. Technisand, Inc. v. Melton, No. 30A01-0608-CV-334, slip op. (Ind. Ct. App. July 11, 2007). Technisand then sought, and we granted, transfer. Technisand, Inc. v. Melton, 891 N.E.2d 36 (Ind. 2008) (table).

**Discussion**

Jessie contends that the limitations period under the PLA controls the time limitation on his ability to bring a claim. The PLA allows a product liability action to be filed within two years after the cause of action accrues. I.C. § 34-20-3-1(b)(1). A cause of action "accrues" under the PLA, "[o]nce a plaintiff's doctor expressly informs the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product." Degussa Corp. v. Mullens, 744 N.E.2d 407, 411 (Ind. 2001). There is no argument in this case that Jessie's claim was filed within two years of the accrual of the products liability claim.

Technisand argues that Jessie's claim was required to be filed within the limitations period of the WDA. The WDA reads, in part:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years.

I.C. § 34-23-1-1. Because Patty died more than two years before Jessie's claim was amended to name Technisand, Technisand maintains that Jessie's claim against it should be dismissed as untimely.

The Court of Appeals reasoned that because Jessie's claim "involves products liability," and Technisand was added timely pursuant to the PLA, Jessie's claim against Technisand could proceed. Melton, slip op. at 7. The Court of Appeals was incorrect in this regard because it failed to take into account the operation of Indiana's Survival Statute ("Survival Act"), I.C. § 34-9-3-1. The Survival Act provides that if an individual who has a personal injury claim or cause of action dies, the claim or cause of action does not survive – unless the individual dies from causes other than those personal injuries. I.C. § 34-9-3-1(a)(6); Ellenwine 846 N.E.2d at 661.

3

The claim here is that Patty died from personal injuries allegedly caused by Technisand. As such, once Patty died, Jessie's claim was a claim for wrongful death.

But should Jessie still have been given the products liability limitations period to file his wrongful death claim? We believe Ellenwine provides the answer.

As described in somewhat greater detail in our decision today in Estate of O'Neal ex rel. Newkirk v. Bethlehem Woods Nursing and Rehab. Ctr., LLC, --- N.E.2d ---, No. 90S05-0812-CV-768, slip op. (Ind. Dec. 24, 2004), Ellenwine discussed various scenarios involving the interaction of the statutes of limitations under the WDA, the Child Wrongful Death Act ("CWDA"),[1] and the underlying tort of medical malpractice. One of the scenarios we discussed was closely analogous to the facts of this case: a personal representative filed a child wrongful death claim after the limitations period of the CWDA had expired, but the limitations period for the underlying medical malpractice claim had not. Ellenwine, 846 N.E.2d at 666.

The scenario we refer to is an actual case, Randolph v. Methodist Hosps., Inc., 793 N.E.2d 231, 237 (Ind. Ct. App. 2003). Before we set forth our analysis of the Randolph scenario, the reader should keep in mind that Randolph is a medical malpractice case involving a young child. The Indiana Medical Malpractice Act ("MMA"), I.C. § 34-18-1-1, which governs the case, contains a special limitations period for young children: a medical malpractice victim less than six years of age has until the victim's eighth birthday to file. I.C. § 34-18-7-1(b). With that in mind, here's what we said about the Randolph scenario:

> Randolph . . . . was a case in which a child, Kwabene Randolph, . . . suffered severe injuries at birth from which he died seven months later. His mother filed her medical malpractice claim approximately 5-1/2 years later, i.e., almost six years after the alleged malpractice and just before what would have been Kwabene's sixth birthday.
>
> . . . .
>
> . . . The alleged malpractice occurred at Kwabene's birth on October 7, 1991. He died as a result of the alleged malpractice seven months later on May 7, 1992. The medical malpractice claim was filed on September 26, 1997, shortly

---

[1] I.C. § 34-23-2-1.

4

before what would have been little Kwabene's sixth birthday. . . . [T]his claim was properly dismissed because it did not survive Kwabene's death by operation of the Survival Act. And had Kwabene's mother attempted to file a CWDA claim on September 25, 1997, it would have been properly dismissed as not having been filed within two years of the date of death. However, Kwabene's mother could have filed a CWDA claim during the two-year period following his death because that would have been within the MMA limitations period (which ran until Kwabene's eighth birthday) as well as the CWDA limitations period.

This approach seems to us to conform to the language of the relevant statutes and also to the Legislature's broader purposes in fostering prompt litigation of medical malpractice claims while allowing some leeway in cases involving children. Under our formulation, the wrongful death claim of a child who dies due to medical malpractice in infancy or in the first few years of life does not hang over the heads of the health care providers all the way until what would have been the child's eighth birthday. But it does continue for two years after the date of the child's death. This seems to be the balance struck by the Legislature in furthering these broader purposes, and it seems to be a fair and workable one.

Ellenwine, 846 N.E.2d at 665-66.

Note the parallels to this case. When the plaintiff in Randolph filed the wrongful death claim, the limitations period on the underlying medical malpractice claim had not yet expired; so too, when the plaintiff in this case filed this wrongful death claim, the limitations period on the underlying products liability claim had not yet expired. But the plaintiff in Randolph did file the child wrongful death claim after the limitations period of the CWDA had expired; and here, the plaintiff filed this wrongful death claim after the limitations period of the WDA had expired.

The Randolph scenario illustrates the Legislature's intent that the limitations period provided in the WDA always serves as an outside limit on the amount of time that the personal representative of a person whose death is caused by the wrongful act or omission of another will have to file the lawsuit. To be sure, in situations like that of our O'Neal case today, the lawsuit must also be filed within the limitations period of the substantive tort underlying the wrongful death claim. But in those situations – like this one and Randolph – where the limitations period of the WDA (or CWDA) expire before limitations period of the substantive tort, the Legislature has dictated that the claim must be filed before the limitations period of the WDA (or CWDA) expires.

5

The injuries forming the basis for the substantive tort claim, that of products liability, caused Patty's death. Pursuant to the Survival Act, Patty's products liability claim against Technisand terminated at her death; only the WDA claim survived. The WDA requires that a wrongful death action be commenced within two years of the decedent's date of death. Jessie conceded that he did not bring suit against Technisand within two years of Patty's death. For the reasons discussed above, Jessie cannot use the PLA statute of limitations as an alternative to the statute of limitation contained within the WDA. His claim against Technisand was not timely filed.

## Conclusion

We hold that a wrongful death claim with an underlying product liability claim must be filed within two years of the date of the decedent's death. Therefore, we vacate the decision of the Court of Appeals, and reverse the trial court's denial of Technisand's motion for summary judgment.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.