

**FILED**

Dec 21 2023, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert J. Palmer
May Oberfell Lorber
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Libby Yin Goodknight
Krieg DeVault, LLP
Indianapolis, Indiana

Julie A. Rosenwinkel
Shannon L. Noder
Krieg DeValult, LLP
Merrillville, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lake Imaging, LLC,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>Franciscan Alliance, Inc.<br>f/d/b/a Saint Margaret Mercy<br>Health Care Centers,<br><br>*Appellee-Plaintiff* | December 21, 2023<br><br>Court of Appeals Case No.<br>22A-CT-2783<br><br>Appeal from the Johnson Superior<br>Court<br><br>The Honorable Marla K. Clark,<br>Judge<br><br>Trial Court Cause No.<br>41D04-1810-CT-157 |

**Opinion by Judge Riley.**
Judges Bailey and Tavitas concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Lake Imaging, LLC (Lake Imaging), appeals the trial court's summary judgment on remand in favor of Appellee-Plaintiff, Franciscan Alliance, Inc. f/d/b/a Saint Margaret Mercy Health Care Centers (Franciscan), on Franciscan's indemnification claim stemming from Lake Imaging's contract to provide radiology services to Franciscan.[1]

We affirm.

## ISSUES

In its appeal after remand, Lake Imaging presents this court with two issues, which we restate as follows:

(1) Whether the trial court properly declined to apply the two-year statute of limitations period, as included in the Professional Services Statute (PSS), Ind. Code § 34-1-2-3, to Franciscan's indemnity claim; and

(2) Whether the trial court properly entered summary judgment in Franciscan's favor on its indemnification claim.

## FACTS AND PROCEDURAL HISTORY

Between 2004 and 2011, Lake Imaging was a qualified healthcare provider, as defined in the Medical Malpractice Act (MMA), who provided radiology

---

[1] The trial court also entered summary judgment against defendant, ProAssurance Indemnity Co. (ProAssurance), and in favor of Franciscan on the parties' cross-claims for a declaratory judgment on insurance coverage. ProAssurance elected not to appeal that ruling.

services to Franciscan's patients. Pursuant to the Agreement, effective January 1, 2004, Lake Imaging agreed to "indemnify and hold [Franciscan] harmless from any liability claimed as a result of [Lake Imaging's] negligence in the provisions of services undertaken under this [A]greement." (Appellee's App. Vol. II, p. 36).

[5] Joseph Shaughnessy (Shaughnessy) was a patient at Franciscan in April 2011. While in Franciscan's care, Lake Imaging's radiologists interpreted two CT scans performed on Shaughnessy. Shaughnessy passed away on April 25, 2011. It was later discovered that Lake Imaging's employed radiologists had missed the presence of a right-sided subdural hematoma on the CT scans. Just under two years later—on April 10, 2013—Shaughnessy's sons (the Shaughnessys) filed a proposed medical malpractice complaint with the Department of Insurance (DOI) against Franciscan and other providers, alleging that negligent medical care resulted in Shaughnessy's death. Lake Imaging was not named in the proposed complaint. During discovery, one of the named providers divulged that Lake Imaging's radiologists had failed to report the presence of a right-sided hematoma on Shaughnessy's CT scans. The Shaughnessys subsequently amended their proposed complaint to pursue a vicarious liability claim against Franciscan based on the radiologists' negligence. Because the two-year statute of limitations for medical malpractice claims under the MMA had expired by then, the Shaughnessys could not name Lake Imaging or its employed radiologists as defendants in their amended proposed complaint.

[6] On January 29, 2014, Franciscan notified Lake Imaging of its intent to seek indemnification pursuant to the Agreement. Lake Imaging did not respond. On July 21, 2016, Franciscan sent correspondence to Lake Imaging and its insurance company, ProAssurance Indemnity Co. (ProAssurance), offering to tender the defense in the medical malpractice lawsuit instigated by the Shaughnessys. Franciscan advised that it intended to settle the lawsuit premised solely on the negligence of Lake Imaging's radiologists and to pursue indemnification against Lake Imaging unless it received written notice within twenty days that ProAssurance intended to assume the defense or objected to Franciscan settling the matter. While Lake Imaging did not respond, ProAssurance responded on August 9, 2016, rejecting Franciscan's tender and instructing Franciscan to use its "own judgment regarding the advisability of settling [the lawsuit]." (Appellee's App. Vol. III, pp. 110-11). Franciscan settled with the Shaughnessys on September 25, 2016.

[7] On July 17, 2018, Franciscan filed its Complaint against Lake Imaging, alleging breach of contract for Lake Imaging's failure to provide competent medical care and for failure to indemnify Franciscan. Franciscan also sought a declaratory judgment against ProAssurance for payment of any judgment rendered against Lake Imaging. Lake Imaging moved for summary judgment, claiming that, because Franciscan premised its claim on alleged medical malpractice by Lake Imaging, the MMA's two-year statute of limitations had lapsed. *See* I.C. § 34-18-7-1(b). Instead of addressing the statute of limitations claim, the trial court

dismissed Franciscan's indemnification claim without prejudice,[2] concluding that it lacked subject-matter jurisdiction because the MMA required Franciscan to present its claim to the DOI for an opinion rendered by the medical review panel before filing its Complaint. *See* I.C. § 34-18-8-4. Lake Imaging appealed and Franciscan cross-appealed. The court of appeals affirmed, holding that, because Franciscan's claim rested on Lake Imaging's alleged negligence, the MMA applied. The Indiana Supreme Court disagreed and concluded that Franciscan's indemnification claim is "an ordinary contract claim, rather than a claim for medical malpractice[.]" *See Lake Imaging, LLC v. Franciscan Alliance, Inc.*, 182 N.E.3d 203, 210 (Ind. 2022). As such, the procedural requirement of submitting a claim to the medical review panel does not apply to Franciscan's indemnification claim, and the trial court "erred in dismissing the case for lack of subject matter jurisdiction." *Id.* Turning to the nature of the claim and the statute of limitations, the supreme court held that, "[b]ecause the MMA does not apply to Franciscan's claim, neither does the Act's two-year statute of limitations." *Id.* Instead, either the ten-year or the six-year statute of limitations for actions upon written contracts governed, depending on whether the parties' indemnity agreement is treated as a contract "for the payment of money." *Id.* However, our supreme court determined that it did not need to reach the issue of "whether the ten-year or six-year statute of limitations

---

[2] The trial court also dismissed Franciscan's claim that Lake Imaging breached its contract by failing to provide appropriate radiology services. Franciscan did not appeal the trial court's dismissal of that claim.

applie[d] because Franciscan's indemnification claim—having accrued when it settled with the Shaughnessys on September 25, 2016—falls within both of them." *Id*. at 210-11. Characterizing Franciscan's indemnification claim as an "ordinary contract claim" subject to either the ten-year or the six-year statute of limitations period for actions upon written contract, the supreme court declined to address the two-year statute of limitations found in the PSS. *Id*. at 210. Delving into Franciscan's indemnification claim, the supreme court rejected Lake Imaging's argument that its obligation to indemnify Franciscan for the settlement payment expired when the Agreement expired. *See id.* at 211. The supreme court remanded with instructions for the trial court to conduct further proceedings on Franciscan's indemnification claim and also to consider the potential liability of ProAssurance under Lake Imaging's insurance policy with ProAssurance.

[8] On remand and in light of the supreme court's decision, the trial court ordered supplemental briefing on all motions for summary judgment. Although the parties largely rested on their prior summary judgment briefing and evidentiary designations filed in the trial court prior to the first appeal, they also submitted briefing on the law of the case doctrine.

[9] On October 24, 2022, the trial court issued summary judgment in favor of Franciscan on its indemnification claim against Lake Imaging. In denying Lake Imaging's request to apply the PSS's two-year statute of limitations, the trial court noted that the supreme court had already "acknowledge[ed] that the language of Ind. Code [§] 34-11-2-3 [of the PSS] and Indiana's [MMA] is

'strikingly similar'" but had decided "to apply either a six-or ten-year statute of limitations to the indemnification claim." (Appellant's App. Vol. II, p. 22). Therefore, the trial court "decline[d] to reconsider the same." (Appellant's App. Vol. II, p. 22). Furthermore, the trial court concluded that Franciscan's "tender of payment in settlement of the [MMA] trigger[ed] Lake Imaging's duty to indemnify Franciscan" under the Agreement as Lake Imaging's obligation to indemnify arises "when the party seeking indemnity 1) pays the underlying claim; 2) pays judgment on the underlying claim; or 3) tenders payment in settlement of the underlying claim." (Appellant's App. Vol. II, pp. 26, 27).

[10] Lake Imaging now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[11] Lake Imaging challenges the trial court's grant of summary judgment to Franciscan. "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Lamb v. Mid Ind. Serv. Co.*, 19 N.E.3d 792, 793 (Ind. Ct. App. 2014). "The party moving for summary judgment has the burden of making a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Mint Mgmt., LLC v. City of Richmond*, 69 N.E.3d 561, 564 (Ind. Ct. App. 2017); Ind. Trial Rule 56(C). Summary judgment is a "high bar" for the moving party to clear in Indiana. *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). If "the moving party satisfies this

burden through evidence designated to the trial court, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial." *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018) (quoting *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*), *trans. denied*. "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (citation and quotation marks omitted).

[12] We review a court's ruling on a summary judgment motion *de novo*, applying the same standard as the trial court. *Hughley*, 15 N.E.3d at 1003. "In conducting our review, we consider only those matters that were designated to the trial court during the summary judgment stage." *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 860 (Ind. Ct. App. 2021), *trans. denied*. "In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility [but] accept as true those facts established by the designated evidence favoring the non-moving party." *Id*. (citations omitted). "Any doubts as to any facts or inferences to be drawn from those facts must be resolved in favor of the nonmoving party." *Denson v. Est. of Dillard*, 116 N.E.3d 535, 539 (Ind. Ct. App. 2018). However, "[m]ere speculation is insufficient to create a genuine issue of material fact to defeat summary judgment." *Biedron*, 106 N.E.3d at 1089. In the summary judgment context, we are not bound by

the trial court's findings of fact and conclusions thereon, but they aid our review by providing the reasons for the trial court's decision. *Howard Cnty. Sheriff's Dep't v. Duke*, 172 N.E.3d 1265, 1270 (Ind. Ct. App. 2021), *trans. denied*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron*, 106 N.E.3d at 1089.

II. *Statute of Limitations*

[13] Characterizing Franciscan's indemnification claim as a breach of contract claim for failing to provide competent medical services to a patient, Lake Imaging contends that Franciscan's claim is barred by the two-year statute of limitations of the PSS, which provides that

> An action of any kind for damages, whether brought in *contract* or tort, *based upon professional services rendered or which should have been rendered*, may not be brought, commenced, or maintained in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two years from the date of the act, omission or neglect complained of.

I.C. § 34-11-2-3 (emphasis added). Although the statutory language in Indiana Code section 34-11-2-3, which defines the scope of liability for professional services related actions, is "strikingly similar" to that of the MMA, the PSS was the "original medical malpractice statute" "used to determine the limitation period for all medical malpractice suits" in Indiana. *Lake Imaging, LLC*, 182 N.E.2d at 210 n.4; *Kroger Co. v. Estate of Hinders*, 773 N.E.2d 303, 306 (Ind. Ct. App 2002). When the MMA was enacted in 1975, it contained its own statute

of limitations, but the "language of the [PSS] remain[ed] intact." *Kroger Co.*, 773 N.E.2d at 306. Since the MMA's passage, the application of the MMA and the PSS has been distinguished based on the nature of healthcare providers alleged to have committed medical malpractice. The MMA defines the procedures for medical malpractice claims against "qualified" healthcare providers. I.C. § 34-18-3-1. Qualified healthcare providers under the MMA are those providers who have complied with the requirements of Indiana Code Chapter 34-18-3, including the payment of surcharges into the Patient's Compensation Fund, to avail themselves of the MMA's protections. I.C. § 34-18-2-24.5 (defining qualified provider); *Rumell v. Osolo Emergency Med. Servs., Inc.*, 88 N.E.3d 1111, 1114 (Ind. Ct. App. 2017) (reiterating that medical malpractice claims against healthcare providers who are not qualified under the MMA are not subject to the protections of the MMA). On the other hand, since the MMA's inception, the PSS only governed medical malpractice claims against "non-qualified" healthcare providers who are not covered under the MMA. *Newkirk v. Bethlehem Woods Nursing & Rehab. Ctr., LLC*, 898 N.E.2d 299, 300-01 (Ind. 2008) (confirming that the MMA applied to medical malpractice claims brought against qualified healthcare providers, whereas the PSS applied to medical malpractice claims against those who are not qualified providers under the MMA).

[14] In its designated evidence, Lake Imaging averred that "[a]t all times relevant to the allegations in [Franciscan's] Complaint, Lake Imaging [] was a qualified Health Care Provider, as defined by the [MMA]." (Appellant's App. Vol. II, p.

69). Accordingly, contrary to Lake Imaging's contention, any claims against it would not be covered by the PSS, rendering its two-year statute of limitations period inapplicable.

[15] However, despite Lake Imaging's second appellate attempt to apply a two-year statute of limitations on Franciscan's claim and regardless of its status as a healthcare provider, based on our supreme court's opinion in *Lake Imaging* and the law of the case doctrine, we must conclude that Franciscan's indemnification claim is not barred as the viability of the claim is governed by the statute of limitations for actions upon written contracts. *See Lake Imaging*, 182 N.E.3d at 210.

[16] The law of the case is a doctrine used to facilitate the finality of issues decided within the same action. *CBR Event Decorators, Inc. v. Gates*, 4 N.E.3d 1210, 1216 (Ind. Ct. App. 2014). The law of the case provides that an appellate court's determination of a legal issue is binding on the trial court and in any subsequent appeal in the same case and on substantially the same facts. *Id*. Essentially, the law of the case means all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Dean V. Kruse Found., Inc. v. Gates*, 973 N.E.2d 583, 590 (Ind. Ct. App. 2012), *trans. denied*. However, only those issues conclusively determined are considered the law of the case, and the issue decided in the prior appeal must clearly be the only possible construction of an opinion. *Id*. Statements that are not necessary in the determination of the issues presented are *dicta* and do not become the law of the case. *Id.* at 590-91. "The doctrine merely expresses the practice of courts

generally to refuse to reopen what has been decided and is based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 574 (Ind. Ct. App. 2003).

[17] In *Lake Imaging*, our supreme court, after analyzing the applicability of the MMA to Franciscan's indemnification claim, decided that because Franciscan's claim was not a claim for bodily injury or death on account of malpractice, or a derivative claim similar to a claim for loss of services, and did not fit within the purpose of the MMA, the MMA, and by extension its two-year statute of limitation, could not be applied. *See Lake Imaging*, 182 N.E.3d at 209-10. Characterizing Franciscan's demand for indemnification as "an ordinary contract claim, rather than a claim for medical malpractice," the supreme court concluded that the statute of limitations for breach of contract applied. *Id*. at 210. Depending on whether the Agreement was premised on the "payment of money," the *Lake Imaging* court held that either the six-year or the ten-year limitation period applied. *Id*. Although the court determined that Franciscan's claim constituted a breach of contract claim rather than a medical malpractice claim, it "need not decide whether the ten-year or six-year statute of limitations applie[d] because Franciscan's indemnification claim—having accrued when it settled with Shaughnessys on September 25, 2016—falls within both of them." *Id*. Accordingly, as the supreme court decided the nature of Franciscan's claim and its corresponding statute of limitation as either a six- or ten-year statute of limitations, the trial court rightly "decline[d] to reconsider" the court's

treatment of Franciscan's indemnification claim.  (Appellant's App. Vol. II, p. 22).  Any effort by the trial court to revisit the characterization of Franciscan's claim as an ordinary breach of contract issue on remand would have encroached onto an "issue decided directly" by a higher court and would have invaded the law of the case doctrine.  *See Dean V. Kruse Found., Inc.*, 973 N.E.2d at 590.

[18]  On appeal from the trial court on remand, Lake Imaging now attempts to circumvent the law of the case doctrine by arguing that the supreme court "specifically refused to address" the applicability of the PSS's two-year limitations period, leaving that issue "ripe for decision."  (Appellant's Br. pp. 12-13).  However, the supreme court did not decline to address the issue; rather, after defining the nature of Franciscan's claim as a contract claim and thereby, *a fortiori*, rejecting the PSS component of Lake Imaging's argument, the supreme court found it unnecessary to further determine the explicit statute of limitations—either six year or ten year—applicable to Franciscan's indemnification claim, as Franciscan's claim would be able to proceed regardless of whether the six or ten-year term would govern.

[19]  Despite Lake Imaging's insistence that the PSS, with its two-year statute of limitations, should govern because "the nature and substance of Franciscan's cause of action [for indemnification] is based on the rendering of medical services," the supreme court rejected this premise in the context of the MMA.  (Appellant's Br. p. 12).  In its rejection, the supreme court explained that Franciscan's claim "for indemnification sounds in contract," and "neither the

text of the MMA nor precedent interpreting the [MMA] support categorizing such a claim as one for medical malpractice." *Lake Imaging*, 182 N.E.3d at 205. The court advanced that the phrase "whether in contract or tort" in Indiana Code section 34-18-7-1 of the MMA does not transform Franciscan's indemnification claim into a medical malpractice claim, because the statute only "identifies the MMA's limitations period, not the type of claim subject to the MMA." *Id*. The court further pointed out that the "whether in contract or tort" language merely recognizes the contractual nature of the physician-patient relationship and does not suggest the MMA "extends beyond the physician-patient relationship to encompass commercial contracts between healthcare providers." *Id*.

[20] This analysis regarding the MMA applies equally to the PSS, as our supreme court determined both statutes to have "strikingly similar" language. *Id*. at 210 n.4. Just as our supreme court noted in *Lake Imaging* with respect to the MMA, "[t]he PSS [does] not create or establish [a] medical malpractice claim." *Newkirk*, 898 N.E.2d at 302. Instead, it merely establishes the limitations period for filing medical malpractice claims against non-qualified healthcare providers. *Id*. In *Newkirk*, the supreme court, as in *Lake Imaging*, found "no basis [] for concluding that the legislative goal [behind the two-year limitations period of the PSS] would be anything different" than the legislative goal underpinning the MMA's two-year statute of limitations. *Id*. Although the PSS applies to actions "for damages brought in contract based upon professional services rendered or which should have been rendered," just like the MMA's "whether

in contract or in tort" phrase, the PSS's statutory language does not transform Franciscan's indemnification claim into a medical malpractice claim as the language, just as in the MMA, is merely a recognition of the contractual nature of the patient's relationship with his healthcare provider. *See* I.C. § 34-11-2-3; *Lake Imaging*, 182 N.E.3d at 210.

[21] Accordingly, based on the law of the case doctrine and our supreme court's characterization of Franciscan's indemnification claim as a contract claim, we affirm the trial court's conclusion that Franciscan's claim is not barred by the statute of limitations.[3]

## II. *Indemnification*

[22] Lake Imaging next contends that there is no remaining breach of contract claim upon which Franciscan can be indemnified because the trial court dismissed the

---

[3] In its reply brief, Lake Imaging asserts that

> [d]espite Franciscan's argument that Lake Imaging committed medical malpractice, Franciscan did nothing to join Lake Imaging in the underlying malpractice action. Instead, Franciscan acted in concert with the underlying plaintiffs to set up a situation in which, without Lake Imaging being a party to the medical malpractice case, Franciscan persuaded the underlying plaintiffs to amend the complaint and obtain summary judgment in its favor on all claims other than the vicarious liability claim that was added to plaintiff's amended complaint at Franciscan's urging. Then, when the statute of limitations precluded any party from joining Lake Imaging in the medical malpractice action, Franciscan circumvented the entire MMA by seeking to recover for Lake Imaging's alleged medical malpractice through the indemnity claim.

(Reply Br. pp. 5-6). Lake Imaging presents no evidence to support these claims, nor did it refer us to any citations or references in the record. Baseless accusations of questionable legal tactics directed to opposing counsel are inflammatory and absolutely unacceptable in filings before this or any other court; they are certainly out of place before this tribunal and woefully unbefitting an appellate advocate.

breach of contract claim to provide competent medical services, which was affirmed by the supreme court.

[23] In its Complaint, Franciscan formulated two avenues upon which it sought relief: (1) breach of contract for Lake Imaging's failure to provide competent medical care and (2) breach of contract for failure to indemnify Franciscan. While we agree with Lake Imaging that the supreme court "affirm[ed] the trial court's dismissal of Franciscan's claim that Lake Imaging breached their contract by committing medical malpractice[,]" it also held that "[b]ecause Franciscan's claim for breach of contract [for failure to indemnify] was not one for medical malpractice, we reverse the trial court's dismissal of that claim." *Lake Imaging*, 210 N.E.3d at 211-212. Thus, the supreme court's decision did not extinguish Franciscan's indemnification claim, it revived it.

[24] The trial court on remand concluded that because Franciscan tendered payment to settle the medical malpractice suit with the Shaughnessys, Lake Imaging's duty to indemnify Franciscan was triggered. Accordingly, the trial court held that Franciscan was entitled to judgment on its claim as a matter of law. As Lake Imaging does not contest this holding, we affirm the trial court's entry of summary judgment in Franciscan's favor.

## CONCLUSION

[25] Based on the foregoing, we hold that the trial court properly declined to apply the PSS's two-year limitations period and properly entered summary judgment in favor of Franciscan on its indemnification claim.

Affirmed.

Bailey, J. and Tavitas, J. concur