**Christopher Wayne SOUTHERLAND, In his capacity as Personal Representative for the Estate of Larry Southerland, Appellant–Plaintiff,**

v.

**William Henry HAMMOND, Larry Salkeld, Chad Crumpton, William Crumpton, Jr., William Crumpton, Sr., Lisa Crumpton, Mr. & Mrs. John Harvey, and Wanda Palmer, Appellees–Defendants.**

No. 88A04–9612–CV–487.

Court of Appeals of Indiana.

March 13, 1998.

Derrick H. Wilson, Mattox & Mattox, New Albany, for Appellant–Plaintiff.

John W. Doehrman, Jeffersonville, Timothy L. Gray, Boehl Stopher & Graves, New Albany, Christopher D. Lee, David D. Bell, Bamberger, Foreman, Oswald & Hahn, Evansville, Irvin H. Sonne, III, Tackett, Taurman & Sonne, P.C., New Albany, for Appellees–Defendants.

## OPINION

RATLIFF, Senior Judge.

*Case Summary*

Appellant–Plaintiff, Christopher Southerland ("Southerland"), as personal representa-

tive of the estate of his father, Larry Southerland, appeals the dismissal of his wrongful death claim. We affirm.

### Issues

Southerland raises four issues for our review which we restate as:

I. Whether the trial court properly found that the wrongful death statute is a non-claim statute;

II. Whether the trial court properly declined to extend the time period for filing Southerland's action due to his alleged minority;

III. Whether the trial court properly declined to extend the time period for filing Southerland's action due to alleged fraudulent concealment; and,

IV. Whether the two-year period for bringing a wrongful death action violates Article I, § 12 of the Indiana Constitution, as applied.

### Facts and Procedural History

The facts [1] most favorable to the judgment show that Larry Southerland died of a gunshot wound to the head on May 19, 1993. On March 29, 1995 criminal charges were filed against William Henry Hammond and Chad Crumpton related to the shooting. Charged were also filed against Larry Salkeld. On February 14, 1996, apparently the day after he was appointed personal representative, Southerland filed a wrongful death action against Hammond, Crumpton, Salkeld, Hammond's parents, Crumpton's parents and grandfather, and Salkeld's mother (collectively "Hammond").[2] The complaint also alleged parental liability and negligent entrustment. The defendants filed various motions to dismiss or motions for judgment on the pleadings, contending that Southerland's claim was filed beyond the time provided by statute. Following a hearing, the trial court ordered the cause dismissed. Southerland now appeals.

### Discussion and Decision

■ A trial court should grant a Trial Rule 12(C) motion for judgment on the pleadings only when it is clear from the face of the pleadings that the plaintiff cannot in any way succeed under the operative facts and allegations made therein. *Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. Partnership,* 674 N.E.2d 558, 562 (Ind.1996). When reviewing the grant of a 12(C) motion, the reviewing court accepts as true the well-pleaded material facts alleged in the complaint and is confined solely to the pleadings to make its determination. *Id.* Therefore, our review of the trial court's decision is based upon the complaint and answers, and not on extraneous material alleged after the pleadings closed. *Id.*

### I.

■ Hammond argues that the trial court erred in apparently finding that the wrongful death statute, Ind.Code § 34–1–1–2, is a non-claim statute, rather than subject to a statute of limitations defense. The Indiana Wrongful Death Statute provides:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.... [T]he action shall be commenced by the personal representative of the decedent within two (2) years.

Ind.Code § 34–1–1–2. Southerland contends that the statute is ambiguous because it is not clear what triggers the two-year period, the death of the decedent, or the appointment of the personal representative. We disagree. It is clear that the personal representative is limited to bringing an action that the decedent "might have maintained ... had he ... lived." *Id.* The general limitations period for personal injury is two years. Ind.Code § 34–1–2–2(1). An action for

---

1. The record is devoid of testimony, affidavits, or exhibits. As such, the assumed facts are taken from Southerland's complaint.

2. The various defendants have filed four Appellee's Briefs. Because they are substantially similar, our discussion will not distinguish among them.

wrongful death must be brought within two years of the date of death. *See General Motors Corp. v. Arnett,* 418 N.E.2d 546, 548 (Ind.Ct.App.1981).

■ Southerland argues that the two-year statutory period should not be an absolute bar, but should be considered a statute of limitations, subject to certain exceptions. This argument has been made and rejected repeatedly. *Martin v. Rinck,* 491 N.E.2d 556, 559 (Ind.Ct.App.1986). In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law.[3] *General Motors Corp.,* 418 N.E.2d at 548. Since this right in Indiana is purely statutory, the two year time period within which an action must be commenced is a "condition attached to the right to sue." *Id.* (*quoting Bocek v. Inter-Insurance Exchange of Chicago Motor Club,* 175 Ind.App. 69, 73, 369 N.E.2d 1093, 1097 (1977)). In Indiana this two year time period is not a statute of limitation but a condition precedent to the existence of the claim. *Id.* We conclude that the wrongful death statute is a non-claim statute, not subject to tolling.

### II.

Southerland argues that we should create an exception to the two-year statutory period for wrongful death actions because of his alleged disability of minority at the time of his father's death. The record is silent on Southerland's age, but he apparently turned eighteen in September 1994.

■ Indiana Code Section 34–1–2–5 provides that "[a]ny person being under legal disabilities when the cause of action accrues may bring *his action* within two (2) years after the disability is removed." (Emphasis added). " 'Under legal disabilities' includes persons less than eighteen (18) years of age." Ind.Code § 1–1–4–5. Southerland's argument would be well taken, were he bringing "his action" instead of an action as personal representative of his father's estate. It is impossible for a personal representative to be under the legal disability of minority.

"No person is qualified to serve as a domiciliary personal representative who is ... under eighteen (18) years of age." Ind.Code § 29–1–10–1(b). In any event, Southerland apparently turned eighteen approximately nine months before the expiration of the two year time period.

■ Southerland also contends that not extending the time period for bringing a wrongful death action denies "a child" equal protection of law as provided by Article I, § 23 of the Indiana Constitution. Southerland uses the medical malpractice statute of limitations as an analogy, which tolls until a minor's eighth birthday. *See* Ind.Code § 27–12–7–1. This argument must fail, however. As discussed above, a minor has no right to bring a wrongful death action in any case. The right to sue belongs to the personal representative. In the case of a decedent's minor survivor, a special administrator may be appointed to bring a wrongful death action within the two-year period. *See* Ind. Code § 29–1–10–15; *South v. White River Farm Bureau Co-op.,* 639 N.E.2d 671, 673 (Ind.Ct.App.1994), *trans. denied.*

We decline to create an exception to extend the two-year time period for wrongful death actions around a legal impossibility of the minority of the personal representative or around the minority of the decedent's surviving next-of-kin.

### III.

Southerland argues that we should create an exception to the two-year statutory period for wrongful death actions because of the fraudulent concealment of the identity of the persons responsible for his father's death. He asserts, though this is not contained in the record, that one of the defendants is charged with false reporting and obstruction of justice in connection with the shooting of Larry Southerland.

Indiana Code Section 34–1–2–9 provides: "If any person liable to an action shall conceal the fact from the knowledge of the per-

---

**3.** Southerland asserts that an action for wrongful death did indeed exist at common law. He cites both English and early American cases but fails to set forth any Indiana case law on this point.

We therefore decline to disturb our prior holdings that an action for wrongful death in Indiana is purely statutory.

son entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." This statute "operates to delay accrual of an action and the commencement of the limitations period when the defendant has concealed the existence of the cause of action from the plaintiff." *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559, 563 (Ind.1992). We need not decide the applicability of fraudulent concealment to the wrongful death statute, however.

 The doctrine of fraudulent concealment should be available to estop a defendant from asserting the statute of limitations when he has concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action. *Fager v. Hundt,* 610 N.E.2d 246, 251 (Ind.1993). It should be noted that the fraudulent concealment exception does not establish a new date for the commencement of the statute of limitations, but rather creates an equitable exception. *Id.* Under this exception, instead of a full statutory limitations period within which to act, a plaintiff must exercise due diligence in commencing her action after the equitable grounds cease to operate as a valid basis for causing delay. *Id.* A plaintiff must institute an action within a reasonable time after he discovers information which would lead to discovery of the cause of action. *Hughes v. Glaese,* 659 N.E.2d 516, 519 (Ind.1995).

The pleadings indicate that on March 29, 1995, Southerland knew or should have known of the identities of the persons alleged to be responsible for his father's death. The two-year time period in which a wrongful death action could be filed did not expire until May 19, 1995. Thus, Southerland had approximately fifty days in which to timely file his complaint. We conclude that even if the doctrine of fraudulent concealment operates to extend the time period of a non-claim statute, Southerland had a reasonable time in which to file his wrongful death action, following the discovery of the identity of those responsible.

### IV.

Southerland argues that Article I, Section 12 of the Indiana Constitution requires that any limitation on actions must provide a reasonable time for the bringing of that action. He contends that in situations where a defendant's own actions effectively deny access to the courts to a plaintiff, then the two-year period for filing a wrongful death action should be extended for a reasonable time. Southerland does not, however, tell us what a reasonable period of time should be. It does appear from the pleadings, that between the date on which he was appointed personal representative, until he filed his wrongful death action, only one day transpired. It thus appears, as discussed above, that fifty days is a reasonable period of time in which to petition for appointment as personal representative and file a complaint for wrongful death.

Affirmed.

SHARPNACK, C.J., and HOFFMAN, J., concur.