Natalia ROBERTSON, Personal Representative of the Estate of John Lee Cunningham, III, Deceased, Appellant–Plaintiff,

v.

GENE B. GLICK COMPANY, INC., The Woods of Eagle Creek, Briarwood Apartments, LP and Briarwood Apartments II, LP, Appellees–Defendants.

No. 49A05–1104–CT–158.

Court of Appeals of Indiana.

Dec. 29, 2011.

Thomas E. Hastings, Nicholas F. Baker, The Hastings Law Firm, Indianapolis, IN, Attorneys for Appellant.

Julia Blackwell Gelinas, Maggie L. Smith, Frost Brown Todd LLC, Indianapolis, IN, Attorneys for Appellees.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

John Cunningham was shot and killed while at his girlfriend's apartment complex. More than two years after his death, Natalia Robertson, acting as personal representative of the Estate of John Cunningham, brought a wrongful death claim against the apartment complex and its parent companies. The trial court dismissed the claim, concluding it was untimely because Indiana's General Wrongful Death Act requires that a wrongful death claim be brought within two years of the decedent's death. Robertson raises one issue for our review, which we expand and restate as three: 1) whether Indiana Code section 34–11–6–1 should apply to Indiana's General Wrongful Death Act; 2) whether Indiana's wrongful death statutes violate the Privileges and Immunities Clause, Article 1, Section 23 of the Indiana Constitution; and 3) whether Indiana's wrongful death statutes violate the Due Course of Law Clause, Article 1, Section 12 of the Indiana Constitution. Concluding section 34–11–6–1 does not apply to the General Wrongful Death Act and that our wrongful death statutes do not violate the Privileges and Immunities Clause or Due Course of Law Clause of the Indiana Constitution, we affirm the trial court's dismissal of Robertson's claim as untimely.

### Facts and Procedural History [1]

In July 2008, John Cunningham was visiting his girlfriend, April Wills, at her apartment in "The Woods of Eagle Creek" apartment complex when April's ex-husband, Carl Wills, entered the apartment, shot and killed Cunningham, and kidnapped April and the Wills' daughter. When subsequently confronted by police, Carl Wills shot and killed April and then himself. Cunningham was survived by his eleven-year-old daughter, J.C., who is autistic.

More than two years after the death of Cunningham, J.C.'s mother, Natalia Robertson, opened an Estate for Cunningham and requested that the probate court appoint her personal representative of the Estate. After her appointment, Robertson filed a complaint based in tort against The Woods of Eagle Creek apartment complex and its parent-operating companies: Gene B. Glick Company, Inc.; Briarwood Apartments, LP; and Briarwood Apartments II, LP.[2] The defendants moved to dismiss, arguing the complaint was filed after the two-year time limitation contained in Indiana's General Wrongful Death Act, Indiana Code section 34–23–1–1. Robertson argued the general tolling statute applicable to statutes of limitation, Indiana Code section 34–11–6–1, which tolls a cause of action when the party who may bring the action is legally disabled, applied to Robertson's wrongful death action filed on behalf of the Estate of John Cunningham because the primary beneficiary of the action, J.C., was disabled. The defendants responded that the two-year time period is a condition precedent that cannot be altered by the tolling statute, and that,

---

1. We heard oral argument on December 6, 2011 at the Indiana Court of Appeals Courtroom in Indianapolis. We thank counsel for their capable advocacy.

2. Briarwood Apartments and Briarwood Apartments II were not named as defendants in Robertson's original September 2010 filing, but were added after Robertson's December 2010 motion for leave to add parties and to file a second amended complaint.

even if it could be altered by the tolling statute, the disability of a beneficiary is not relevant where the claim must be brought by a personal representative.

The trial court ultimately agreed with the defendants, concluding, based on *Southerland v. Hammond*, 693 N.E.2d 74 (Ind.Ct.App.1998), that the two-year period given for wrongful death actions is not subject to tolling.[3] The trial court noted that the plaintiff in the action is not J.C., but rather, the plaintiff is Robertson, who suffers from no disabilities, acting as personal representative of Cunningham's estate. Since Robertson suffers no legal disability, the trial court concluded Indiana Code section 34–11–6–1 was inapplicable and Robertson's complaint was untimely. Robertson now appeals.

*Discussion and Decision*

### I. Standard of Review

 A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind.2007). Thus, our standard of review of a trial court's grant or denial of a motion to dismiss is de novo. *In re Guardianship of French*, 927 N.E.2d 950, 955 (Ind.Ct.App.2010), *trans. denied.* We accept as true the facts alleged in the complaint and consider the pleadings in the light most favorable to the plaintiff, but we also draw every reasonable inference in favor of the nonmoving party. *Id.* A motion to dismiss for failure to state a claim upon which relief can be granted will succeed only if it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.*

 "In considering a constitutional challenge to a statute, we presume that the statute is valid, and place the burden upon

the party challenging it to clearly overcome the presumption by a contrary showing." *Chamberlain v. Parks*, 692 N.E.2d 1380, 1382 (Ind.Ct.App.1998), *trans. denied.* "The party challenging the constitutionality of a statute based on a purported improper classification must negate every reasonable basis for the classification" and "all reasonable doubts must be resolved in favor of a statute's constitutionality." *Id.*

### II. Indiana's Wrongful Death Statutes

The Indiana Code currently includes three statutes that give rise to wrongful death causes of action: section 34–23–1–1, the General Wrongful Death Act ("GWDA"); section 34–23–1–2, the Adult Wrongful Death Act ("AWDA"); and section 34–23–2–1, the Child Wrongful Death Act ("CWDA"). The GWDA was originally enacted in 1881 under a different Indiana Code section, 34–1–1–2, and amended several times through 1998 when it was repealed and the current section was enacted. *See McCabe v. Comm'r, Indiana Dept. of Ins.*, 949 N.E.2d 816, 818 (Ind.2011). The current GWDA provides, in pertinent part:

> ... When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission.

Further, the damages awarded under the GWDA "inure to the exclusive benefit of the widow or widower ... and to the

---

**3.** The trial court originally denied the defendants' motion to dismiss, but after allowing a motion to reconsider, the trial court amended its order and granted the motion to dismiss.

dependent children, if any, or dependent next of kin, . . . ." Ind.Code § 34–23–1–1. The AWDA was enacted in 1999 and specifically allows for the recovery of damages for loss of the adult person's love and companionship, among other things. Ind. Code § 34–23–1–2(c)(3)(B). Similarly, the CWDA was enacted in 1998 and specifically allows a parent or guardian to recover damages for the loss of his or her child's love and companionship. Ind.Code § 34–23–2–1(f)(2). Important for our discussion here, both the AWDA and CWDA expressly apply only to deceased individuals who were without dependents at the time of death. Ind.Code §§ 34–23–1–2(a)(1) and 34–23–2–1(b).

### III. Applicability of Indiana Code Section 34–11–6–1

Indiana Code section 34–11–6–1 provides those with legal disabilities an opportunity to toll statutes of limitations: "A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." Robertson acknowledges, however, that "Indiana Courts have held that the general wrongful death statute is not a claim-based statute and is 'not subject to tolling.'" Appellant's Brief at 10 (quoting *Southerland*, 693 N.E.2d at 77). Therefore, Robertson asks us to "either reevaluate the language of the various statutes or apply equities or an exception to the independent facts presented." *Id.* at 12.

In *Southerland*, a father died of a gunshot wound to the head and his son, acting as personal representative of the estate of his father, filed a wrongful death complaint more than two years after the death of his father. 693 N.E.2d at 76. The trial court ordered the cause dismissed, finding that the GWDA enacted at the time, Indiana Code section 34–1–1–2, was a non-claim statute. Although the current GWDA is a different numerical provision, the pertinent language is essentially the same:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. . . . [T]he action shall be commenced by the personal representative of the decedent within two (2) years.

Ind.Code § 34–1–1–2 (repealed 1998); *cf.* Ind.Code § 34–23–1–1 ("When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years").

The son argued the two-year statutory period should not be an absolute bar and should be considered a statute of limitations that is subject to certain exceptions. *Southerland*, 693 N.E.2d at 77. We disagreed, noting that his argument had previously been made and rejected repeatedly. *Id.*

> In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law. Since this right in Indiana is purely statutory, the two year time period within which an action must be commenced is a condition attached to the right to sue. In Indiana this two year time period is not a statute of limitation but a condition precedent to the existence of the claim. We conclude that the wrongful death statute is a non-claim statute, not subject to tolling.

*Id.* (quotation, citations, and footnote omitted).

The son next contended that the tolling statute for persons under legal disabilities should apply; the statute provided that

"[a]ny person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed." Ind.Code § 34–1–2–5 (repealed 1998). We rejected this argument, noting that it would be well-taken if appellant was bringing *his* cause of action, but because he was acting as a personal representative, and it is statutorily impossible for a personal representative to be under the legal disability of minority, *see* Ind.Code § 29–1–10–1(b)(*l* ), the tolling statute did not apply. *Southerland,* 693 N.E.2d at 77.

The son then argued that not extending the time period for bringing a wrongful death action denies a child equal protection of law as provided by Article 1, section 23 of the Indiana Constitution. *Id.* We denied this argument, stating that "a minor has no right to bring a wrongful death action in any case" and "[t]he right to sue belongs to the personal representative." *Id.*

▮ Indiana case law is well-settled that wrongful death is a creature of the legislature; no cause of action existed at common law, and, thus, the statute must be strictly construed and the time constraint provided in the GWDA is not a statute of limitations, but rather, a condition precedent. *See Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 196–97 (Ind.Ct.App. 1999), *trans. denied; Honda Motor Co. Ltd. v. Parks,* 485 N.E.2d 644, 646 (Ind.Ct. App.1985); *General Motors Corp. v. Arnett,* 418 N.E.2d 546, 548 (Ind.Ct.App. 1981); *Elliott v. Brazil Block Coal Co.,* 25 Ind.App. 592, 58 N.E. 736 (1900). Indiana case law is also clear that the only proper plaintiff in a wrongful death action brought under the GWDA is the one designated in the statute—the personal representative. *Arnett,* 418 N.E.2d at 548.

▮ Robertson argues that we should abandon our unwavering line of case law concluding that the GWDA's time constraint is not subject to tolling. She notes that we have previously recognized certain equitable exceptions, such as fraudulent concealment, as valid bases for delay, yet she does not recite facts demonstrating that fraudulent concealment or another recognized equitable exception occurred. She also argues that because Indiana's paternity statute is tolled for the purpose of ensuring that dependent children do not become wards of the state, our GWDA should also be tolled. The paternity statute she refers to provides "[i]f a child is incompetent on the child's eighteenth birthday, the child may file a petition not later than two (2) years after the child becomes competent." Ind.Code § 31–14–5–2(c).

However, as the appellees point out, the GWDA provides no such tolling ability for disabled children. This is precisely why we have previously held that the two-year limitations period under the GWDA cannot be tolled: it is a statutorily created cause of action and the statute does not specify that tolling is applicable. *See Southerland,* 693 N.E.2d at 77. In further support of her argument, Robertson claims that a wrongful death action is "effectively the child's cause of action" and disabled children should be afforded procedural benefits such as tolling. Appellant's Br. at 17. However, the GWDA specifically states that a deceased person's personal representative shall bring a cause of action under the statute. Ind.Code § 34–23–1–1; *see also Southerland,* 693 N.E.2d at 77 ("The right to sue [under the wrongful death statute] belongs to the personal representative").

Similarly, Robertson argues that other jurisdictions permit tolling of a limitations period in wrongful death claims involving disabled beneficiaries, and Indiana should follow suit. Robertson primarily discusses *Haakanson v. Wakefield Seafoods, Inc.,*

600 P.2d 1087, 1088 (Alaska 1979), where the Alaska Supreme Court addressed the same issue we face today: whether a general tolling statute applies to extend the time limit for bringing an action set forth in a wrongful death statute.[4] Alaska's Supreme Court reasoned that although it had traditionally held that bringing a wrongful death action within the time limit imposed is a condition precedent to recovery, Alaska's civil law had always included a wrongful death cause of action and they could see no reason that a general tolling statute for those under a legal disability should not apply to wrongful death actions. *Id.* at 1091–92.

In response, Appellees note a recent Washington Supreme Court case where that court held "[a]mong states whose statutory scheme is similar to ours in that *only* the personal representative can bring a wrongful death action, the majority has held that a child-heir's minority cannot toll the statute of limitations because the child cannot bring the action." *Atchison v. Great Western Malting Co.,* 161 Wash.2d 372, 166 P.3d 662, 666 (2007) (emphasis in original). The court goes on to reason that "the wrongful death action is purely a creature of statute, the statutes grant only the personal representative the right to sue, a minor child cannot be a personal representative, he or she is not entitled to bring the action, and therefore the child's minority cannot toll the statute of limitations." *Id.* (citations omitted). The *Atchison* court also points out that courts, including Alaska in *Haakanson,* that have allowed tolling the statute of limitations in a wrongful death statute based on a beneficiary's legal disability are in the minority. *Id.* The *Atchison* court held Washington's

wrongful death statute could not be tolled by a beneficiary's minority because "wrongful death actions are strictly statutory" and "formulation of a new policy with regard to this statutory cause of action is the responsibility of the Legislature, not a task for this court." *Id.* (citations and quotations omitted).

We agree with the rationale of *Atchison* that our wrongful death actions are strictly statutory and it is not within this court's responsibility to amend their application. Accordingly, we decline Robertson's invitation to upend our well-established case law and adhere to majority opinion and our long line of cases concluding that the two-year time constraint is not subject to tolling, including that provided for in Indiana Code section 34–11–6–1.

## IV. Privileges and Immunities

 Our test for analyzing a privileges and immunities challenge to a statute is laid out in *Collins v. Day,* 644 N.E.2d 72 (Ind.1994). As a threshold matter, before reaching the two-part test from *Collins,* it is necessary that an appellant identify two groups of people who are disparately treated by the statute the appellant challenges. *See id.* at 78–79. Then, "[f]irst, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics [that] distinguish the unequally treated classes," and "[s]econd, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." *League of Women Voters of Indiana, Inc. v. Rokita,* 929 N.E.2d 758, 770 (Ind.2010) (quoting *Collins,* 644 N.E.2d at 80).

---

4. Robertson also attempts to reference and incorporate "the authority and reasoning presented in her Post–Hearing Brief in Opposition to Defendant's Motion for Dismissal" by a footnote in her appellate brief. Appellant's Br. at 17 n. 3. We consider such arguments waived. *See T–3 Martinsville, LLC v. U.S. Holding, LLC,* 911 N.E.2d 100, 104 n. 3 (Ind. Ct.App.2009), *trans. denied.*

Robertson alleges those who bring a wrongful death cause of action under the GWDA and those would bring such an action under the CWDA are disparately treated.[5] She contends that a claim under the CWDA can be tolled if the claimant is under legal disabilities, but a claim under the GWDA cannot be tolled. At oral argument, the appellees raised the issue of whether the CWDA does in fact allow tolling, stating that recent Indiana case law is unclear. We need not address this issue because even if the CWDA does allow tolling, we conclude Robertson's Privileges and Immunities contention fails.

Applying the two-step test of *Collins*, we first look at whether the disparate treatment is reasonably related to inherent characteristics that distinguish the two classes. This step is satisfied. Under the CWDA a wrongful death action is brought by the deceased child's parent(s) or guardian. Thus, if a parent is disabled, it would be reasonable to allow the general tolling statute for legal disabilities, Indiana Code section 34–11–6–1, to toll the parent or guardian's cause of action. This is unnecessary under the GWDA because, first, an action under the GWDA must be brought by a personal representative of the deceased, and second, a person cannot be appointed as a personal representative if he or she is under legal disabilities. *See* Ind.Code § 29–1–10–1(b). Therefore, the disparate treatment is reasonably related to inherent characteristics that distinguish the two classes—namely, the fact that a parent or guardian brings an action under the CWDA while a personal representative brings an action under the GWDA.[6]

The second step of *Collins* examines whether preferential treatment is equally available to all those similarly situated. Robertson does not provide an argument that the preferential treatment afforded under the CWDA, if it is in fact afforded, is not equally available to all those similarly situated. We do not conclude that the CWDA is unequally available to claimants who meet its requirements. Robertson has thus failed to overcome the presumption that our wrongful death statutes are constitutional.

---

5. In her appellate briefs Robertson initially argued dependent next of kin are afforded disparate treatment under the GWDA and CWDA, but in the appellees' Surreply Brief they pointed out that dependent next of kin are not afforded disparate treatment under the CWDA because the CWDA specifically applies only to decedent children who were without dependents at the time of death. Thus, dependent next of kin cannot bring a claim under the CWDA. However, the two classes of plaintiffs discussed at oral argument were disabled next of kin who were dependent versus those who were not. The Privileges and Immunities argument thus refers to claimants bringing a wrongful death claim under the GWDA and claimants bringing a claim under the CWDA. In order to address this case on the merits, we are herein considering these recited Privileges and Immunities contentions.

6. We recognize Robertson points out a disjointed element of the Indiana Code. We point out that the wrongful death statutes are further disjointed when compared to other tort claims, such as personal injury cases, where tolling applies. Also, the fact that a disabled dependent can rely upon a personal representative to bring his or her cause of action under the GWDA is not always a protective measure. For example, in *Goleski v. Fritz*, 768 N.E.2d 889, 890–91 (Ind.2002), a personal representative was not appointed within two years after the death of the decedent, and, thus, there could be no action under the GWDA. Appellees argue that tolling could extend a cause of action forever. However, that has not proven to be a roadblock in CWDA, AWDA, or personal injury causes of action which allow tolling. Ultimately, our role is not to rewrite legislation where we see potential improvements; rather, our role is to review them for constitutional errors. If any future amendments are lying beneath the statutes at issue today, we defer those to the legislature.

## V. Due Course of Law

Robertson briefly contends that preventing a disabled person from bringing a claim for wrongful death because it was not brought within a two-year time period violates Indiana's Due Course of Law provision, Article 1, Section 12 of the Indiana Constitution. A similar challenge to our wrongful death statute was brought in *Chamberlain*, 692 N.E.2d at 1384, where the appellants, who were not able to recover because they were not dependent next of kin, claimed the Act violated our Due Course of Law provision.[7] We noted that at common law there was no tort liability for killing a person because actions for personal injury did not survive the death of the injured party and held that the appellants' lack of a cause of action under the statute was not a violation of the Due Course of Law Clause of the Indiana Constitution. *See also McIntosh v. Melroe Co., a Div. of Clark Equip. Co., Inc.*, 729 N.E.2d 972, 978 (Ind.2000) ("[b]ecause no citizen has a protectable interest in the state of product liability law as it existed before the Product Liability Act, the General Assembly's abrogation of the common law of product liability through the statute of repose does not run afoul of the 'substantive' due course of law provision of Article I, Section 12"). Similarly, here the General Assembly has limited a cause of action that it created by placing a time period condition precedent on the commencement of a wrongful death action. This is within the General Assembly's power.

Robertson provides no contention in either of her briefs that the General Assembly's procedural limitations to a wrongful death claim are unreasonable. We therefore conclude that Robertson has failed to meet her burden in challenging our wrongful death statutes based upon the Due Course of Law provision of the Indiana Constitution.

### Conclusion

Indiana Code section 34–11–6–1 does not apply because the GWDA is not subject to tolling. Robertson has failed to meet her burden that Indiana's wrongful death statutes violate either the Privileges and Immunities Clause or the Due Course of Law Clause of the Indiana Constitution. We therefore affirm the trial court's dismissal of Robertson's wrongful death complaint.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

the wrongful death of an individual.

---

7. Prior to the 1998 statutory amendments, only dependent next of kin could recover for