# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**ROBERT D. KING, JR.**
**DAVID R. THOMPSON**
The Law Office of Robert D. King, Jr., P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ADAM E. GLASS**
**DANNY E. GLASS**
Law Firm of Fine & Hatfield, P.C.
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VIRGINIA E. ALLDREDGE AND | ) | |
| JULIA A. LUKER, AS CO-PERSONAL | ) | |
| REPRESENTATIVES OF THE | ) | |
| ESTATE OF VENITA HARGIS, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1206-CT-249 |
| | ) | |
| THE GOOD SAMARITAN HOME, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT NO. 3
The Honorable Robert J. Tornatta, Presiding Judge
Cause No. 82D03-1110-CT-5314

**January 31, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, we consider an issue of first impression, namely, whether and to what extent the doctrine of fraudulent concealment tolls the two-year deadline for filing claims contained within Indiana's Wrongful Death Act (the "WDA").

Virginia E. Alldredge and Julia A. Luker, as co-personal representatives of the Estate of Venita Hargis (collectively, "the Plaintiffs"), filed a wrongful death complaint against The Good Samaritan Home, Inc. ("Good Samaritan") twenty-three months after learning that Good Samaritan had allegedly fraudulently concealed the nature of Hargis's death. Concluding that the WDA's two-year deadline had been equitably tolled but that the Plaintiffs nevertheless failed to file their complaint within a reasonable time, the trial court granted Good Samaritan's motion for summary judgment.

The Plaintiffs argue that the two-year time frame required by the WDA for the filing of claims is a statute of limitations, not a condition precedent to the filing of a wrongful death claim, and that Indiana Code section 34-11-5-1 (the "Fraudulent Concealment Statute") should have applied to toll the statute of limitations such that they had a full two years to file their complaint after learning of Good Samaritan's fraudulent concealment. Furthermore, the Plaintiffs argue that the reasonable time standard used by the trial court violates equal protection principles and that public policy concerns require a uniform standard for determining when the statute of limitations runs after it has been tolled by fraudulent concealment.

We conclude that the WDA's two-year limitations period is in fact tolled by fraudulent concealment and that plaintiffs whose wrongful death claims have been

2

fraudulently concealed beyond the WDA's limitations period have a full two years after the concealment is or should be discovered with reasonable diligence in which to file their claims. Accordingly, we affirm the trial court's judgment in part and reverse in part.

FACTS[1]

In November 2006, Hargis was a resident at a nursing home owned and operated by Good Samaritan in Evansville. On November 17, 2006, a nurse employed by Good Samaritan told Luker, Hargis's daughter, that Hargis had fallen at the nursing home and that she was being taken to the hospital because she had started vomiting a few hours after the fall. Because Hargis sometimes suffered from transient ischemic attacks, or "mini-strokes," which had caused her to fall in the past, Luker and the rest of Hargis's family believed Good Samaritan's story that Hargis had fallen. Appellants' App. p. 40. On November 26, 2006, Hargis died from a head injury purportedly caused by the fall.

On November 24, 2009, nearly three years after Hargis's death, a former employee of Good Samaritan told Hargis's daughter Peggy McGee that Hargis's head injury had not been caused by a simple fall as they had previously been led to believe. The former employee explained that Hargis had actually been attacked and pushed to the floor by another resident of the nursing home, and the head injury that resulted in Hargis's death was caused during this attack.

On December 22, 2010, an estate was opened for Hargis for the sole purpose of pursuing a wrongful death claim. The Plaintiffs were named her co-personal

---

[1] We heard oral argument in this case in Indianapolis on January 9, 2013. We commend counsel for their able presentations.

representatives. On October 27, 2011, the Plaintiffs filed their complaint, alleging that Hargis's death had been proximately caused by the negligence of Good Samaritan and that Good Samaritan had fraudulently concealed the true cause of Hargis's death.

In lieu of an answer, Good Samaritan filed a motion to dismiss the suit with prejudice because, it claimed, the Plaintiffs' complaint failed to state a claim upon which relief could be granted as it was filed more than two years after Hargis's death. In support of its motion, Good Samaritan attached a copy of Hargis's certificate of death and a copy of the probate court docket which showed the date on which Hargis's estate was opened and her personal representatives named.

Upon motion by the Plaintiffs, the trial court treated Good Samaritan's motion to dismiss as a motion for summary judgment. In its order granting Good Samaritan's motion without a hearing, the trial court acknowledged its agreement with the Plaintiffs that fraudulent concealment was applicable to the case. However, citing Southerland v. Hammond, 693 N.E.2d 74 (Ind. Ct. App. 1990), the trial court stated that the two-year timeframe for filing wrongful death claims "is not a statute of limitations, but a condition precedent to the existence of the claim." Appellants' App. p. 8. The trial court further found that, according to Southerland, fraudulent concealment only creates "an equitable exception" that allows a party to institute an action "within a reasonable time" after learning information that would lead to the discovery of the truth. Id. Noting that the Plaintiffs waited a year after discovering the truth to open Hargis's estate and nearly two

4

years to file their complaint, the trial court found that the Plaintiffs' claim was barred because they had waited an unreasonable amount of time to bring the claim.

The Plaintiffs filed a motion to correct error, claiming that the trial court should have applied the Fraudulent Concealment Statute, which they claimed provides for a new full two-year limitations period after the concealment is discovered, instead of the equitable doctrine of fraudulent concealment, which they admitted provides only for the filing of a claim within a reasonable time after discovery. Moreover, the Plaintiffs argued that because Good Samaritan's fraudulent concealment lasted beyond the initial deadline for filing a wrongful death action, the deadline effectively started over, and they were entitled to file their action at any time within two years of discovery. Finally, the Plaintiffs argued that the "reasonable time" standard was arbitrary and capricious such that it made the WDA unconstitutional as applied to them. Notwithstanding the Plaintiffs' arguments, the trial court denied the motion to correct error on May 3, 2012. The Plaintiffs now appeal.

DISCUSSION AND DECISION

Summary judgment is proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In our review of a summary judgment decision, we view the pleadings and the designated materials in a light most favorable to the non-moving party. LCEOC, Inc. v. Greer, 735 N.E.2d 206, 208 (Ind. 2000). However, when the appellant claims only an error of law,

we review the trial court's summary judgment decision de novo. Spangler v. Bechtel, 958 N.E.2d 458, 461 (Ind. 2011).

Indiana first enacted a wrongful death statute in 1852. Durham ex rel. Estate of Wade v. U-Haul Int'l, 745 N.E.2d 755, 758 (Ind. 2001). Like other wrongful death acts across the country, this statute was enacted to solve what was perceived to be a gross inequity in the common law—that because there was no common law action that allowed a person's family members to recover when another's wrongful act or omission killed their loved one and the person's own claim died with him, it was often cheaper for a defendant to kill his victim than to maim him. W. Page Keeton et al., Prosser and Keeton on Torts 945 § 127 (5th ed. 1984). In its present form, Indiana's WDA states as follows:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. . . . [T]he action shall be commenced by the personal representative of the decedent within two (2) years[.]

Ind. Code § 34-23-1-1 (emphasis added).

Good Samaritan urges this Court to hold, consistent with a number of other cases previously decided by this Court, that the limitations period within the WDA cannot be tolled because the WDA is a non-claim statute created by the legislature in derogation of the common law. See Southerland v. Hammond, 693 N.E.2d 74, 77 (Ind. Ct. App. 1998); Robertson v. Gene B. Glick Co., 960 N.E.2d 179, 184-85 (Ind. Ct. App. 2011), trans. denied. In Southerland, this Court said:

6

> In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law. Since this right is purely statutory, the two year time period within which an action must be commenced is a "condition attached to the right to sue." In Indiana this two year time period is not a statute of a limitation but a condition precedent to the existence of the claim. We conclude that the wrongful death statute is a non-claim statute, not subject to tolling.

693 N.E.2d at 77. This language was recently repeated in Robertson. 960 N.E.2d at 184.

Notwithstanding that this explanation has been often repeated by panels of this Court, the Plaintiffs claim that in light of recent Indiana Supreme Court jurisprudence characterizing the WDA's limitations period as a "statute of limitations provision," our interpretation has been incorrect. See Newkirk v. Bethlehem Woods Nursing & Rehabilitation Center, LLC, 898 N.E.2d 299, 299 (Ind. 2008); Technisand, Inc. v. Melton, 898 N.E.2d 303, 305 (Ind. 2008). Furthermore, they claim that even if this Court has previously refused to allow tolling of the WDA's limitations period in a number of other cases for reasons of lesser consequence, we should nevertheless allow for tolling to occur where a wrongful death action has been fraudulently concealed.

We agree with the Plaintiffs that to deny a decedent's personal representatives the ability to file a wrongful death action when such cause of action has been fraudulently concealed by a defendant beyond the WDA's two-year limitations period would allow the defendant to take egregious advantage of his or her own malfeasance. In Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231 (1959), the United States Supreme Court stated:

7

> [W]e need look no further than the maxim that no man may take advantage of his own wrong.  Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.

359 U.S. at 232-23.  Accordingly, we conclude that the WDA's limitations period is tolled when a wrongful death action has been fraudulently concealed by the defendant.[2]

Having reached this conclusion, it becomes necessary in this case to determine whether the WDA's limitations period starts anew upon the discovery of the fraudulent concealment or whether it is tolled only for a reasonable time.   The Plaintiffs beseech us to apply the Fraudulent Concealment Statute, which provides:

> If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action.

Ind. Code § 34-11-5-1.

Because the original predecessor to this statute was enacted in 1843,[3] nine years before Indiana's first wrongful death statute was enacted, we are prohibited from directly applying the statute in the context of the WDA.  See Guy v. Schuldt, 236 Ind. 101, 105, 138 N.E.2d 891, 893 (1956) (holding that the Fraudulent Concealment Statute was inapplicable to medical malpractice cases because the medical malpractice statute was

---

[2] We note that application of the fraudulent concealment doctrine to the WDA still requires a decedent's personal representative to show not only the underlying negligence that resulted in the decedent's death but also that the underlying negligence has been fraudulently concealed by the defendant.  In such cases where these issues exist, it may be preferable for the trial court to bifurcate these issues from the issue of damages in the interest of saving judicial time and resources.

[3] Revised Statutes of the State of Indiana, ch. 40, § 113 (1843).  This statute has been through minor edits in the past 150 years, but the significant language has not been materially altered since its original adoption.

8

enacted many years after the Fraudulent Concealment Statute, and thus the Fraudulent Concealment Statute could not be considered an "exception" to the statute of limitations set forth in the medical malpractice statute). However, we note that subsequent to Guy, our Supreme Court has held that where a patient fails to discover a physician's malpractice within the applicable statute of limitations because of a long latency period in his or her condition, the patient will have two years from the time that the malpractice was discovered or should have been discovered with the exercise of reasonable diligence to file a claim. See, e.g., Van Dusen v. Stotts, 712 N.E.2d 491, 497 (Ind. 1999).

In rejecting an argument that medical malpractice victims who legitimately discover their claims after the statute of limitations has expired only have a reasonable time in which to file their claims, the Van Dusen Court noted that "[r]ather than simply ignoring the statute of limitations and its two-year time period, . . . the better course is to construe or reconstrue the statute in such a way as to further the purposes of the legislature without offending the Indiana Constitution." Id. at 495-96.

Here, the Plaintiffs contend that imposing a "reasonable time" filing deadline on wrongful death claims that have been fraudulently concealed would violate both Article 1, Section 12 of the Indiana Constitution[4] and the equal protection guarantee of the United States Constitution[5]. In addressing this issue, we first note that the courts have a

---

[4] Article 1, Section 12 of the Indiana Constitution provides in relevant part, "All courts shall be open; and every person for injury done to him in his person, property, or reputation, shall have remedy by due course of law. . . ."

[5] U.S. Const. amend. XIV. § 1.

9

duty to interpret statutes in a way so as to avoid constitutional issues. City of Vincennes v. Emmons, 841 N.E.2d 155, 162 (Ind. 2006). We also presume the legislature intended to avoid unjust or absurd results. Bolin v. Wingert, 764 N.E.2d 201, 204 (Ind. 2002).

Our Supreme Court has held that in the context of medical malpractice cases where a long latency period prevents a patient from discovering a physician's malpractice within the applicable statute of limitations, the medical malpractice statute of limitations cannot be constitutionally applied to bar the plaintiff's action. Martin v. Richey, 711 N.E.2d 1273, 1282 (Ind. 1999). And in such cases, our Supreme Court has held that the plaintiff has a period of time equal to that of the original statutory period in which to file the claim. Van Dusen, 712 N.E.2d at 497.

We see no reason to impose a shorter period of time in the wrongful death context when the reason for the plaintiff's failure to discover the action within the WDA's two-year limitations period is the fault of the defendant rather than simply the result of a medical condition's long latency period. In short, it is abhorrent to think that we would treat people who have been intentionally defrauded regarding their loved one's deaths worse than others, such as in Martin and Van Dusen, where the defendant's misfeasance has been undiscovered merely on account of nature's own time frame.

Accordingly, we conclude that where one fraudulently conceals the existence of a wrongful death action beyond the WDA's two-year limitations period, the decedent's personal representative shall be entitled to commence the action within the lesser of two years from the date of the discovery of the cause of action or two years from the

discovery of facts that, in the exercise of reasonable diligence, should lead to the discovery of the wrongful act or omission that resulted in the decedent's death.

In so construing the WDA, we avoid holding that the WDA's two-year limitations period is unconstitutional as applied to the Plaintiffs under either the Indiana or United States Constitutions. See City of Vincennes, 841 N.E.2d at 162. This interpretation also allows us to give effect to the two-year time period that our legislature originally thought was appropriate for wrongful death claims and to avoid the need for plaintiffs, practitioners, and courts to engage in "hair-splitting" to determine exactly what constitutes a "reasonable time."

We affirm the portion of the trial court's judgment that held that fraudulent concealment could operate to toll the WDA's two-year limitations period but reverse its conclusion that the Plaintiffs had only a reasonable time in which to commence their wrongful death action. Instead, as stated above, the Plaintiffs have two years after the concealment is or should have been discovered with reasonable diligence in which to file their claims. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

That being said, we observe that when these types of cases arise, it may be preferable for the trial court to bifurcate the issues of negligence and fraudulent concealment from the issue of damages in the interest of saving judicial time and resources. This is because the application of the fraudulent concealment doctrine to the WDA still requires a decedent's personal representative to show not only the underlying

11

negligence that resulted in the decedent's death but also that the underlying negligence has been fraudulently concealed by the defendant.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for continuation of the underlying litigation.

RILEY, J., and BARNES, J., concur.